1   MATTHEW B. HIPPLER (Cal. Bar No. 212036)
2   HOLLAND & HART LLP
    5441 Kietzke Lane, Second Floor
3   Reno, NV 89511
    Tel:  (775) 327-3000
4   Fax: (775) 786-6179
    mhippler@hollandhart.com
5
    STEVEN G. JONES (*Admitted Pro Hac Vice*)
6   EMILY C. SCHILLING (*Admitted Pro Hac Vice*)
    HOLLAND & HART LLP
7   222 So. Main Street, Suite 2200
    Salt Lake City, UT 84101
8   Tel:  (801) 799-5800
    Fax: (801) 799-5700
9   sgjones@hollandhart.com
    ecschilling@hollandhart.com
10
11  Attorneys for Defendants

12          **UNITED STATES DISTRICT COURT**

13      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14

15  GLOBAL COMMUNITY MONITOR, a          **Case No.  2:14-cv-01612-MCE-KJN**
    California nonprofit corporation;
16  LABORERS' INTERNATIONAL UNION        **STIPULATED PROTECTIVE ORDER**
    OF NORTH AMERICA LOCAL UNION
17  NO. 783, an organized labor union;
    RANDAL SIPES, JR., an individual;
18  RUSSEL COVINGTON, an individual;

19          Plaintiffs,

20  v.

21  MAMMOTH PACIFIC, L.P., a California
    Limited Partnership; ORMAT NEVADA,
22  INC., a Delaware Corporation; ORMAT
    TECHNOLOGIES, INC. a Delaware
23  Corporation; and DOES I-X, inclusive,

24          Defendants.

25

26

27

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Pursuant to the Federal Rules of Civil Procedure and for good cause,

IT IS HEREBY ORDERED THAT:

1. <u>Scope of Protection</u>

This Protective Order shall govern any record of information produced in this action as part of the Parties' initial, expert or pretrial disclosures and designated pursuant to this Protective Order, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, all designated deposition exhibits, interrogatory answers, admissions, documents and any other discovery materials, whether in hard-copy or in electronic format, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery.  This Protective Order shall also be applicable to all testimony adduced at trial, matters in evidence and any other information furnished, directly or indirectly, by or on behalf of any Party in connection with this action, including third parties who may be served with subpoenas duces tecum, and which the disclosing Party designates as PROTECTED INFORMATION pursuant to this Protective Order.  PROTECTED INFORMATION may be contained in any written, printed, recorded, or electronic matter of any kind, regardless of the medium on which it is produced, reproduced, or stored.

This Protective Order shall also govern any designated record of information produced in this action pursuant to required disclosures under any Federal Rule of Civil Procedure, including, but not limited to, Fed. R. Civ. Pro. 26(a)(1), or any local rule of the Court and any supplementary disclosures made pursuant to those rules.  This Protective Order shall apply to the Parties and to any nonparty from whom discovery may be sought who desires the protection of this Protective Order.  Nonparties may challenge the confidentiality of the PROTECTED INFORMATION by filing a motion to intervene and a motion to de-designate PROTECTED INFORMATION.

Nothing in this Protective Order shall prevent any Party from objecting to discovery requests in accordance with the applicable provisions of the Federal Rules of Civil Procedure.  Nothing in this Protective Order shall be deemed to be an implied or express representation or acknowledgement that a Party is obligated to or will be producing documents that contain PROTECTED

STIPULATED PROTECTIVE ORDER - 2

INFORMATION.  The Parties expressly preserve any and all objections to discovery and their agreement to entry of this Protective Order shall not be considered a waiver of any such objections.

The designation of a document as CONFIDENTIAL INFORMATION or CONFIDENTIAL - ATTORNEYS EYES ONLY will not prevent the document  from being admitted into evidence or used in court proceedings in connection with this litigation.  If CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS EYES ONLY information is admitted into evidence or is used in any court proceedings in connection with this litigation, such information shall not lose its status as a result of such admission or  use.  The Parties shall cooperate with each other in taking all steps reasonably necessary to protect the confidentiality of any such information during such use or admission.  The Party intending to use CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS EYES ONLY information in court proceedings, or to have such information admitted into evidence, shall provide reasonable prior notice of such intent to all other Parties.  The Parties will then meet and confer promptly to discuss how the information will be used or admitted.  If the Parties cannot come to an agreement, any Party may seek relief from the Court before any such use or admission.

2.   Definitions

(a)   The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, or business information designated as such by the producing Party.

(b)   The term CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall mean PROTECTED INFORMATION that is so designated by the producing Party. The designation CONFIDENTIAL - ATTORNEYS EYES ONLY may be used only for the following types of past, current, or future PROTECTED INFORMATION:  (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION, the disclosure of which to non-QUALIFIED RECIPIENTS subject to this Protective Order the producing Party reasonably and in good faith believes would likely cause harm.

(c)     The term CONFIDENTIAL INFORMATION shall mean all PROTECTED INFORMATION that is not designated as "CONFIDENTIAL - ATTORNEYS EYES ONLY" information.

(d)     The term TECHNICAL ADVISOR shall refer to any person who is not a Party to this action and/or not presently employed by the receiving Party or a company affiliated through common ownership, who has been designated by the receiving Party to receive another Party's PROTECTED INFORMATION, including CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, and CONFIDENTIAL INFORMATION.  The term TECHNICAL ADVISOR shall include, without limitation:  (1) any Party's designated testifying or consulting experts; and/or (2) any consultant employed by a Party who is not designated as either a testifying or consulting expert, but who has been engaged by a Party to provide advice or technical analysis of information produced in this litigation.

3.     <u>Designation of Information</u>

(a)     Documents and things produced or furnished during the course of this action shall be designated as containing CONFIDENTIAL INFORMATION by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

CONFIDENTIAL INFORMATION

(b)     Documents and things produced or furnished during the course of this action shall be designated as containing information which is CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows:

STIPULATED PROTECTIVE ORDER - 4

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY

(c)     During discovery a producing Party shall have the option to require that all or batches of materials be treated as containing CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY during inspection and to make its designation as to particular documents and things at the time copies of documents and things are furnished.

(d)     A Party may designate information disclosed at a deposition as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting that the reporter so designate the transcript at the time of the deposition.

(e)     A producing Party shall designate its discovery responses, responses to requests for admission, briefs, memoranda and all other papers sent to the Court or to opposing counsel as containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY when such papers are served or sent.

(f)     A Party shall designate information disclosed at a hearing or at trial as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by requesting the Court, at the time the information is proffered or adduced, to receive the information only in the presence of those persons designated to receive such information and court personnel, and to designate the transcript of the hearing or trial appropriately.

(g)     The Parties shall use reasonable care to avoid designating any documents or information as CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY that are not entitled to such designation or that are generally available to the public.  The Parties shall designate only that part of a document or deposition transcript that is CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, rather than the entire document or deposition transcript.  For example, if a Party claims that a document contains financial information that is CONFIDENTIAL – ATTORNEYS EYES ONLY, the Party will designate only that part of the document setting forth the specific

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

financial information as CONFIDENTIAL – ATTORNEYS EYES ONLY, rather than the entire document.

4.      Disclosure and Use of CONFIDENTIAL INFORMATION

Information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be disclosed by the receiving Party only to QUALIFIED RECIPIENTS.  All QUALIFIED RECIPIENTS shall hold such information received from the disclosing Party in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose, and shall not use it for filing or prosecuting any patent application (of any type) or patent reissue or reexamination request, and shall not disclose it to any person, except as provided in this Protective Order.  All information that has been designated CONFIDENTIAL INFORMATION or as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY shall be carefully maintained so as to preclude access by persons who are not QUALIFIED RECIPIENTS under the terms of this Protective Order from receiving such information.

5.      QUALIFIED RECIPIENTS

For purposes of this Protective Order, "QUALIFIED RECIPIENT" means

(a)      For CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY:

(1)      Outside counsel of record for any of the Parties in this action, and the partners, shareholders, associates, secretaries, paralegals, assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the action, outside copying services, document management services and graphic services;

(2)      Court officials involved in this action, including court reporters, persons operating video recording equipment at depositions, and any Special Master appointed by the Court;

(3)      Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

(4)      Any outside Technical Advisor employed by the outside counsel of record; and

(5)      Any witness during the course of discovery, so long as it is stated on the face of each document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY being disclosed that the witness to whom a Party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document.  Where it is not stated on the face of the confidential document being disclosed that the witness to whom a Party is seeking to disclose the document was either an author, recipient, or otherwise involved in the creation of the document, the Party seeking disclosure may nonetheless disclose the confidential document to the witness, provided that:  (i) the Party seeking disclosure has a reasonable basis for believing that the witness in fact received or reviewed the document, (ii) the Party seeking disclosure provides advance notice to the Party that produced the document, and (iii) the Party that produced the document does not inform the Party seeking disclosure that the person to whom the Party intends to disclose the document did not in fact receive or review the documents.  Nothing in this Protective Order shall prevent disclosure at a deposition of a document designated CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to the officers, directors, and managerial level employees of the Party producing such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or to any employee of such Party who has access to such CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY in the ordinary course of such employee's employment.

(b)      FOR CONFIDENTIAL INFORMATION:

(1)      Those persons listed in paragraph 5(a);

(2)      In-house counsel for a Party to this action who are acting in a legal capacity and who are actively engaged in the conduct of this action, and the secretary, staff, paralegals and assistants of such counsel, to the extent reasonably necessary;

(3)      The insurer of a Party and employees of such insurer to the extent reasonably necessary to assist the Party's counsel to afford the insurer an opportunity to investigate and

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

evaluate a claim for insurance coverage for purposes of determining coverage and for settlement purposes; and

(4)     Employees of the Parties.

6.     Disclosure Agreements

(a)     Any person to whom PROTECTED INFORMATION is disclosed, including QUALIFIED RECIPIENTS and each receiving Party's TECHNICAL ADVISORS shall sign a disclosure agreement in the form attached to this Protective Order as Exhibit A.  Copies of any disclosure agreement signed by any person or entity to whom PROTECTED INFORMATION is disclosed shall be provided to all other Parties promptly after execution by both email and First Class mail.  No disclosures shall be made to either QUALIFIED RECIPIENTS or outside TECHNICAL ADVISORS for a period of five (5) business days after the disclosure agreement is provided to the other Parties.

(b)     Before any PROTECTED INFORMATION is disclosed to outside TECHNICAL ADVISORS, the following information must be provided in writing to the producing Party and received no less than five (5) business days before the intended date of disclosure to any outside TECHNICAL ADVISORS:  the identity of the outside TECHNICAL ADVISOR, business address and/or affiliation and a current curriculum vitae of the TECHNICAL ADVISOR, and, if not contained in the TECHNICAL ADVISOR's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the TECHNICAL ADVISOR.  If the producing Party objects to disclosure of PROTECTED INFORMATION to an outside TECHNICAL ADVISOR, the producing Party shall, within five (5) business days of receipt of this information, serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected.  The failure of the producing Party to object within five (5) business days shall authorize the disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR.  As to any objections, the Parties shall attempt in good faith to promptly resolve any objections informally.  If the objections cannot be resolved, the Party seeking to prevent disclosure of the PROTECTED INFORMATION to the TECHNICAL

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

ADVISOR shall move within five (5) business days for an order from the Court preventing the disclosure. The burden of proving that the designation is improper shall be upon the Party seeking to prevent disclosure. If no such motion is made within five (5) business days, disclosure to the TECHNICAL ADVISOR shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of PROTECTED INFORMATION to the TECHNICAL ADVISOR shall not be made, except by order of the Court.

(c)    Any disclosure agreement executed by any person affiliated with a Party and any other QUALIFIED RECIPIENTS shall be provided to any other Party who, based upon a good faith belief that there has been a violation of this Protective Order, requests a copy.

(d)    No Party shall attempt to depose any TECHNICAL ADVISOR until such time as the TECHNICAL ADVISOR is designated by the Party engaging the TECHNICAL ADVISOR as a testifying expert; however, any Party may depose a TECHNICAL ADVISOR as a fact witness, provided that the Party seeking such deposition has a good faith, demonstrable basis, independent of the disclosure agreement or the information provided under subparagraph (a) above, that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence. In the event such a deposition precedes the designation of such person by the engaging Party as a testifying expert, the deposition shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging Party chooses not to designate the TECHNICAL ADVISOR as a testifying expert, the non-engaging Party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

7.    Use of Protected Information

(a)    In the event that any receiving Party's briefs, memoranda, discovery requests, requests for admission or other papers of any kind which are served or filed shall include another Party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the papers shall be appropriately designated pursuant to paragraphs 3(a) and (b), and shall be treated accordingly.

(b)     All documents, including attorney notes and abstracts, which contain another Party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, shall be handled as if they were designated pursuant to paragraph 3(a) or (b).

(c)     In the event a Party wishes to file documents, papers and transcripts with the Court which contain any other Party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, it must first seek authorization to do so from the Producing Party.  Such authorization may be provided by the Producing Party agreeing to withdraw the designation as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, or agreeing that the document(s) may be filed under seal.  In the event that Producing Party elects to retain the designation of the document as either CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, the Party who wishes to file the document must proceed in accordance with E.D. California Local Rule 141.

(d)     To the extent that documents are reviewed by a receiving Party prior to production, any knowledge learned during the review process will be treated by the receiving Party as CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY until such time as the documents have been produced, at which time any stamped classification will control.  No photograph or any other means of duplication, including but not limited to electronic means, of materials provided for review prior to production is permitted before the documents are produced with the appropriate stamped classification.

(e)     In the event that any question is asked at a deposition with respect to which a Party asserts that the answer requires the disclosure of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, such question shall nonetheless be answered by the witness fully and completely.  Prior to answering, however, all persons present shall be advised of this Protective Order by the Party making the confidentiality assertion and, in the case of information designated as CONFIDENTIAL INFORMATION –

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

ATTORNEYS EYES ONLY, at the request of such Party, all persons who are not allowed to obtain such information pursuant to this Protective Order, other than the witness, shall leave the room during the time in which this information is disclosed or discussed.

(f)     Nothing in this Protective Order shall bar or otherwise restrict outside counsel for any Party from rendering advice to his or her clients with respect to this action and from relying in a general way upon his examination of materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, such counsel shall not disclose the specific contents of any materials designated CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.

8.     Inadvertent Failure to Designate

(a)     In the event that a producing Party inadvertently fails to designate any of its information pursuant to paragraph 3, it may later designate such information by notifying the receiving Parties in writing.  The receiving Parties shall take reasonable steps to see that the information is treated in accordance with the designation.

(b)     It shall be understood, however, that no person or party shall incur any liability hereunder with respect to disclosure that occurred prior to receipt of written notice of a belated designation.

9.     Challenge to Designation

(a)     Any receiving Party may challenge a producing Party's designation at any time.  A failure of any Party to expressly challenge a claim of confidentiality or any document designation shall not constitute a waiver of the right to subsequently assert that information has not been properly designated as confidential or that a Party's designation is not an appropriate designation for any reason.

(b)     Any receiving Party may disagree with the designation of any information received from the producing Party as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.  In that case, any receiving Party desiring to

STIPULATED PROTECTIVE ORDER - 11

disclose or to permit inspection of the designated information in a manner that is inconsistent with this Protective Order may request the producing Party, in writing, to change the designation, stating the reasons in that request.  The producing Party shall then have five (5) business days from the date of receipt of the notification to:

(i)     advise the receiving Parties whether or not it persists in such designation; and

(ii)    if it persists in the designation, to explain the reason for the particular designation.

(c)     If a Party requesting a change in designation under subparagraph (b) is turned down, or if no response is made within five (5) business days after receipt of notification, any producing Party may then move the Court for a protective order or any other order to maintain the designation.  The burden of proving that the designation is proper shall be upon the producing Party.  If no such motion is made within five (5) business days, the information will be de-designated to the category requested by the receiving Party.  In the event objections are made and not resolved informally and a motion is filed, disclosure of information shall not be made until the issue has been resolved by the Court (or to any limited extent upon which the Parties may agree).  No Party shall be obligated to challenge the propriety of any designation when made, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

(d)     With respect to requests and applications to remove or change a designation, information shall not be considered confidential or proprietary to the producing Party if:

(i)     the information in question has become available to the public through no violation of this Protective Order; or

(ii)    the information was known to any receiving Party prior to its receipt from the producing Party; or

(iii)   the information was received by any receiving Party without restrictions on disclosure from a third Party having the right to make such a disclosure.

10.     Inadvertently Produced Privileged Documents

STIPULATED PROTECTIVE ORDER - 12

The Parties acknowledge that, regardless of the producing Party's diligence, an inadvertent production of attorney-client privileged or attorney work product materials may occur.  The Parties therefore agree that, if a Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing Party may give written notice to the receiving Party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the producing Party.  Upon receipt of such a request, the receiving Party shall return to the producing Party such document or thing.  Return of the document or thing shall not constitute an admission or concession by the Party returning the document or thing or permit any inference that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product.

11.     Inadvertent Disclosure

In the event of an inadvertent disclosure of another Party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY to a non-QUALIFIED RECIPIENT, the Party making the inadvertent disclosure shall, upon learning of the disclosure:  (i) notify the person to whom the disclosure was made that it contains CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY subject to this Protective Order; (ii) make all reasonable efforts to preclude dissemination or use of the CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY by the person to whom disclosure was inadvertently made, including, but not limited to, obtaining all copies of such materials from the non-QUALIFIED RECIPIENT; and (iii) notify the producing Party of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against the dissemination or use of the information.

12.     Limitation

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

This Protective Order shall be without prejudice to any Party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

13.     Conclusion of Action

(a)     At the conclusion of this action, including any and all appeals, each Party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing Party all materials and documents containing CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY and to certify to the producing Party such destruction or return.  Such return or destruction shall not relieve said Parties or persons from any of the continuing obligations imposed upon them by this Protective Order.

(b)     After this action, trial counsel for each Party may retain one archive copy of all documents and discovery material, even if they contain or reflect another Party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.  Trial counsel's archive copy shall remain subject to all obligations of this Protective Order.

14.     Production by Third Parties Pursuant to Subpoena

Any third party producing documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY.  The Parties agree that they will treat CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY produced by third parties according to the terms of this Protective Order.

15.     Compulsory Disclosure to Third Parties

If any receiving Party is subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks production of CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

ATTORNEYS EYES ONLY of a producing Party, the receiving Party shall give prompt written notice to counsel for the producing Party and allow the producing Party an opportunity to oppose such subpoena or demand or court order prior to the deadline for complying with the subpoena or demand or court order.  No compulsory disclosure to third parties of information or material exchanged under this Protective Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

16.   Jurisdiction to Enforce Protective Order

After the termination of this action, the Court will continue to have jurisdiction to enforce this Protective Order.

17.   Modification of Protective Order

This Protective Order is without prejudice to the right of any person or entity to seek a modification of this Protective Order at any time either through stipulation or by a motion for entry of a protective order by the Court.

18.   Confidentiality of Party's own Documents

Nothing in this Protective Order shall affect the right of a designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of this Protective Order, unless by such disclosure the information becomes public knowledge.  Similarly, this Protective Order shall not preclude a Party from showing its own information, including its own information filed under seal, to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

APPROVED AND SO ORDERED, EXCEPT THAT:

(a) Court staff shall not be required to execute any disclosure agreement, nor shall the court be required to return or destroy any copies of confidential documents filed or lodged with it in this case.

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

STIPULATED PROTECTIVE ORDER - 15

(b) Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this protective order after the action is terminated.

(c)  Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents or information, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.


ENTERED this  18th     day of  August, 2015.




KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

1

2    *Stipulated and Agreed to by:*

3    **HOLLAND & HART LLP**

4

5    */s/ Steven G. Jones*

6    MATTHEW B. HIPPLER
    STEVEN G. JONES (*Admitted Pro Hac Vice*)

7    EMILY C. SCHILLING (*Admitted Pro Hac Vice*)
    *Attorneys for Defendants*

8

9    **LOZEAU | DRURY LLP**

10

11    */s/*    Richard Drury          [Signed per authorization]
    RICHARD DRURY

12    DOUGLAS CHERMAK
    *Attorneys for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

STIPULATED PROTECTIVE ORDER - 17

**EXHIBIT A**

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMUNITY MONITOR, a California nonprofit corporation; LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL UNION NO. 783, an organized labor union; RANDAL SIPES, JR., an individual; RUSSEL COVINGTON, an individual; | Case No.  2:14-cv-01612-MCE-KJN **DISCLOSURE AGREEMENT** |

     Plaintiffs,

v.

MAMMOTH PACIFIC, L.P., a California Limited Partnership; ORMAT NEVADA, INC., a Delaware Corporation; ORMAT TECHNOLOGIES, INC. a Delaware Corporation; and DOES I-X, inclusive,

     Defendants.

_____

     I, _____, am employed by _____.  In connection with this action, I am:

    _____ a director, officer or employee of _____ who is directly assisting in this action;

    _____ have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR"); or

    _____ a QUALIFIED RECIPIENT (as defined in the Protective Order)

    (Describe:_____).

     I have read, understand and agree to comply with and be bound by the terms of the Protective Order entered in the matter of *Global Community Monitor, et al. v. Mammoth Pacific, L.P.,* Civil Action No. 2:14-cv-01612-MCE-KJN, pending in the United States District Court for the Eastern District of California.  I further state that the Protective Order entered by the Court, a

HOLLAND & HART LLP
222 So. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

**EXHIBIT A**

copy of which has been given to me and which I have read, prohibits me from using any

PROTECTED INFORMATION for any purpose not appropriate or necessary to my participation in

this action or disclosing such information to any person not entitled to receive it under the terms of

the Protective Order.  To the extent I have been given access to PROTECTED INFORMATION, I

will not in any way disclose, discuss, or exhibit such information except to those persons whom I

know:  (a) are authorized under the Protective Order to have access to such information, and

(b) have executed a Disclosure Agreement.  I will return, on request, all materials containing

PROTECTED INFORMATION, any copies and any notes that I have prepared relating to

PROTECTED INFORMATION to counsel for the Party with whom I am associated.  I agree to be

bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United

States District Court for the Eastern District of California for purposes of its enforcement and the

enforcement of my obligations under this Disclosure Agreement.  I declare under penalty of perjury

that the foregoing is true and correct.


_____

Signed by Recipient

_____

Name (printed)


Date: _____

8003407_1.DOC

HOLLAND & HART LLP
222 So. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

DISCLOSURE AGREEMENT - 2