MATTHEW B. HIPPLER (Cal. Bar No. 212036)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511
Tel:  (775) 327-3000
Fax: (775) 786-6179
mbhippler@hollandhart.com

STEVEN G. JONES (*Admitted Pro Hac Vice*)
EMILY C. SCHILLING (*Admitted Pro Hac Vice*)
HOLLAND & HART LLP
222 So. Main Street, Suite 2200
Salt Lake City, UT 84101
Tel:  (801) 799-5800
Fax: (801) 799-5700
sgjones@hollandhart.com
ecschilling@hollandhart.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMUNITY MONITOR, a California nonprofit corporation; LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL UNION NO. 783, an organized labor union; RANDAL SIPES, JR., an individual; RUSSEL COVINGTON, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH PACIFIC, L.P., a California Limited Partnership; ORMAT NEVADA, INC., a Delaware Corporation; ORMAT TECHNOLOGIES, INC. a Delaware Corporation; and DOES I-X, inclusive,<br><br>Defendants. | Case No.  2:14-cv-01612-MCE-KJN<br><br>**STIPULATION AND ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**<br><br>**Honorable Kendall J. Newman** |

# RECITALS

1. On August 20, 2015, Defendants Mammoth Pacific, L.P., Ormat Nevada, Inc. and Ormat Technologies, Inc. (collectively "Ormat") filed a motion (Dkt No. 38) seeking entry of a protective order staying discovery in this matter ("Motion for Stay"). Ormat's Motion for Stay requested a stay of all discovery and the service of initial disclosures under Fed. R. Civ. P. 26(a)(1) pending the Court's disposition of Ormat's Motion to Dismiss or, In the Alternative, for Summary Judgment ("Ormat's Dispositive Motion") (Dkt. No. 34). Ormat's Dispositive Motion was noted before Judge Morrison C. England, Jr. on October 1, 2015.

2. Ormat's Motion for Stay pertained to Plaintiffs' First Requests for Production of Documents and First Request for Entry Onto Land, both of which were served on Ormat on May 22, 2015. Copies of Plaintiffs First Request for Production of Documents and First Request for Entry Onto Land are attached to this Stipulation and Order as Exhibits A and B, respectively. Ormat served its Objections and Responses to GCM's First Set of Requests for Production of Documents on June 24, 2015.

3. Pursuant to Local Rule 251(c), the Parties filed a Statement Regarding Discovery Disagreement (Dkt. No. 42) (the "Joint Statement") on September 3, 2015. In their Joint Statement, both Ormat and Plaintiffs Global Community Monitor, Laborer's International Union of North America No. 783, Randal Sipes, Jr. and Russel Covington (collectively "GCM") set out their positions with respect to Ormat's Motion for Stay.

4. On September 10, 2015, the Hon. Kendall J. Newman held a hearing on Ormat's Motion for Stay. Steven G. Jones appeared on behalf of Ormat and Richard Drury appeared on behalf of GCM, accompanied by Meredith Wilensky. Following the hearing, counsel for Ormat and GCM negotiated the Stipulation outlined below and jointly request that the Court enter the subjoined Order implementing the terms of that Stipulation.

# STIPULATION

The Parties, by and through their respective counsel of record, stipulate as follows:

**Plaintiffs' First Requests for Production of Documents Nos. 1-12**

1. Plaintiffs' Requests for Production of Documents ("RFP") Nos. 1-12 seek production of all permits and permit applications for any Authority to Construct ("ATC") permits and any Permits to Operate ("PTO") submitted by Ormat to the Great Basin Air Pollution Control District ("District") for Ormat's MP-I, MP-II and PLES-I power plants.

2. Ormat has already placed the following permits into the record in connection with motions filed by Ormat in September 2014:

PTO 325 (MP-I West; Dec. 13, 1987);

PTO 328 (MP-I East; Dec. 13, 1987);

PTO 583 (MP-II; June 28, 1991);

PTO 575 (PLES-I; June 28, 1991);

PTO 601 (MP-I West; Oct. 2, 1990);

PTO 601-03-09 (MP-I East; Feb. 8, 2010);

ATC 601-04-13 (MP-I West; May 1, 2013);

PTO 602 (MP-I East; Oct. 2, 1990);

PTO 602-03-09 (MP-I West; Feb. 8, 2010);

ATC 602-04-13 (MP-I East; May 1, 2013);

ATC 329 (MP-II; July 26, 1988);

ATC 583 (MP-II; July 26, 1988);

PTO 583 (MP-II; June 28, 1991);

ATC 279/575 (PLES-I; June 30, 1989);

PTO 575 (PLES I; June 28, 1991);

PTO 583-03-09 (MP-II; Feb. 16, 2010);

PTO 575-03-09 (PLES-I; Feb. 16, 2010);

ATC 575-04-13 (PLES I; March 13, 2014);

ATC 583-04-13 (MP-II; March 13, 2014).

These permits are responsive to GCM's Requests for Production Nos. 1-12. Ormat's counsel agrees to consult with Ormat to determine if there are any additional responsive permits and, if so, to produce any additional permits to GCM on or before September 30, 2015.

**Requests for Production of Documents Nos. 13 - 15.**

3. GCM's RFP Nos. 13-15 seek documents referencing the ownership interests in the MP-I, MP-II and PLES-I plants. In its response to those RFPs, Ormat has stipulated that MP-I, MP-II and PLES-I are jointly owned by Defendants.

**Requests for Production Nos. 28 – 30.**

4. GCM's RFP Nos. 28-30 seek production of maps of the geothermal material and production wells, control rooms and pipelines for MP-I, MP-II and PLES-I. Ormat's counsel agrees to consult with Ormat and to produce a current map or maps of all three facilities, showing the location of the facilities relative to each other, all geothermal wells, the location of the control room and pipelines on or before September 30, 2015.

**All Other Requests for Production Propounded by GCM**

5. With the exception of the RFPs specifically identified above, the Parties stipulate that Ormat's production of any documents responsive to GCM's Requests for Production is stayed until Judge England issues a decision on Ormat's Dispositive Motion.

6. In the event that Judge England denies Ormat's Dispositive Motion, Ormat's production of documents responsive to GCM's RFPs or its agreement to make responsive documents available for inspection and copying by GCM will be due 60 days from the date of entry of Judge England's Order denying Ormat's Dispositive Motion.

**Initial Disclosures Under Fed. R. Civ. P. 26(a)(1)**

7. The Parties stipulate that, in the event that Judge England denies Ormat's Dispositive Motion, the Parties' initial disclosures under Fed. R. Civ. Pro. 26(a)(1) will be due 60 days from the date of entry of Judge England's Order denying Ormat's Dispositive Motion.

**GCM's Request for Entry Onto Land**

8. Ormat stipulates that, in the event that Judge England denies Ormat's Dispositive Motion, counsel for Ormat will work with counsel for GCM to make arrangements for a site visit to be

conducted at a mutually convenient time for all Parties, but in no event later than 90 days from the date of entry of the Order denying Ormat's Dispositive Motion.

So Stipulated this 15th day of September, 2015:

HOLLAND & HART LLP

*s/ Steven G. Jones*
MATTHEW HIPPLER
STEVEN G. JONES (*Admitted Pro Hac Vice*)
EMILY C. SCHILLING (*Admitted Pro Hac Vice*)

Attorneys for Defendants

LOZEAU | DRURY

*s/ Richard Drury*
RICHARD DRURY
DOUGLAS CHERMAK

Attorneys for Plaintiffs

**ORDER**

Based on the parties' Stipulation as outlined above, the Court enters the following Order:

1. All permits placed into the record as attachments to the September 8, 2014 Declaration of Steven G. Jones (Dkt. 15) ("First Jones Dec.") are deemed to be authenticated by Ormat as true and correct copies of those permits.

2. Ormat's counsel is directed to consult with Ormat and ascertain whether there are any additional permits pertaining to Ormat's facilities which were not included as attachments to the First Jones Dec. Any additional permits identified are to be produced to GCM on or before September 30, 2015.

3. Defendants' joint ownership of the MP-I, MP-II and PLES-I facilities is deemed to be a stipulated fact for the remainder of this matter.

4. Ormat's counsel is directed to consult with Ormat and identify a current map or maps of the MP-I, MP-II and PLES-I facilities, showing the location of the facilities relative to each other, the

location of the geothermal wells, the control room and pipelines. Production of this document or documents to GCM is to take place on or before September 30, 2015.

5. Initial Disclosures under Fed. R. Civ. P. 26(a)(1), Ormat's production of any other documents responsive to Plaintiffs' First Set of Requests for Production of Documents and Ormat's response to Plaintiffs' First Request for Entry Onto Land are STAYED until Judge England issues a decision on Ormat's Dispositive Motion.

6. In the event Judge England denies Ormat's Dispositive Motion:

a. The Parties' Initial Disclosures under Fed. R. Civ. Pro. 26(a)(1) will be due 60 days from the date of entry of Judge England's Order denying Ormat's Dispositive Motion;

b. Ormat's production of any additional documents responsive to Plaintiffs' First Requests for Production of Documents will be due 60 days from the date of entry of Judge England's Order denying Ormat's Dispositive Motion; and

c. The Parties will consult with each other and make arrangements for a site visit by GCM to Ormat's MP-I, MP-II and PLES-I facilities at a mutually convenient time, but in no event later than 90 days from the date of entry of Judge England's Order denying Ormat's Dispositive Motion.

IT IS SO ORDERED.

Dated: September 16, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE