| | |
|---|---|
| 1 | MATTHEW B. HIPPLER (Cal. Bar No. 212036) |
| | HOLLAND & HART LLP |
| 2 | 5441 Kietzke Lane, Second Floor |
| | Reno, NV 89511 |
| 3 | Tel: (775) 327-3000 |
| | Fax: (775) 786-6179 |
| 4 | mbhippler@hollandhart.com |
| 5 | |
| 6 | STEVEN G. JONES (*Admitted Pro Hac Vice*) |
| | EMILY C. SCHILLING (*Admitted Pro Hac Vice*) |
| | HOLLAND & HART LLP |
| 7 | 222 So. Main Street, Suite 2200 |
| | Salt Lake City, UT 84101 |
| 8 | Tel: (801) 799-5800 |
| | Fax: (801) 799-5700 |
| 9 | sgjones@hollandhart.com |
| | ecschilling@hollandhart.com |
| 10 | |

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMUNITY MONITOR, a California nonprofit corporation; LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL UNION NO. 783, an organized labor union; RANDAL SIPES, JR., an individual; RUSSEL COVINGTON, an individual;<br><br>    Plaintiffs,<br><br>v.<br><br>MAMMOTH PACIFIC, L.P., a California Limited Partnership; ORMAT NEVADA, INC., a Delaware Corporation; ORMAT TECHNOLOGIES, INC. a Delaware Corporation; and DOES I-X, inclusive,<br><br>    Defendants. | Case No. 2:14-cv-01612-MCE-KJN<br><br>**STIPULATION AND ORDER REGARDING DISCOVERY OF FINANCIAL INFORMATION FROM DEFENDANTS**<br><br>**Honorable Morrison C. England** |

**RECITALS**

1. On May 22, 2015, Plaintiffs propounded their First Set of Requests for Production of Documents on Defendants ("Plaintiffs' First RFPs").  Plaintiffs' RFP Nos. 37-60 sought financial information from each of the Defendants, including cash flow statements, income statements and balance sheets, audited and unaudited financial statements, loan applications, prospectuses, capital budgets and tax returns.

2. On June 24, 2015, Defendants served their Objections and Responses to Plaintiffs First RFPs.  Defendants objected to each request seeking financial information on the grounds that those requests were not reasonably calculated to lead to the discovery of admissible evidence and unduly burdensome and that they sought documents that were not relevant to the claims or defenses at issue in this action.

3. After negotiation, the Parties reached a compromise regarding the discovery of Defendants' financial information which was reflected in a Stipulation and Order filed with the Magistrate Judge Kendall J. Newman on May 3, 2016 (Docket No. 51).

4. On May 9, 2016, Magistrate Judge Newman signed the Stipulation and Order, which was filed as Docket No. 52.  A copy of the signed Order is attached as Exhibit A.

5. Based on the fact that the Parties stipulated to a potential extension of Defendants' disclosure of financial discovery and Plaintiffs preparation of an expert report beyond the dates specified in the Court's Pretrial Scheduling Order (Docket No. 31), Magistrate Judge Newman recommended that the Parties' present a Stipulation and Order to the Court, showing good cause why the deadline for Defendants' financial disclosures and Plaintiffs' preparation of an expert report based on those disclosures should extend beyond that specified in the Pretrial Scheduling Order.  The Parties have prepared this Stipulation and Order in response to Magistrate Judge Newman's recommendation.

**STIPULATION**

The Parties, by and through their respective counsel of record, stipulate as follows:

1. The financial information sought under Plaintiffs' RFP Nos. 37-60 is only relevant to the calculation of penalties which may be imposed in the event Defendants are found to have violated either the federal Clean Air Act or Great Basin Unified Air Pollution Control District Rule 209 ("Rule 209"). Based on this fact, the Parties stipulate that good cause exists for Defendants to defer production of non-public financial information until the Court enters a finding of liability against any or all Defendants under either the Clean Air Act or Rule 209. As a means of conserving both the Court's and the Parties' resources, the Parties have agreed that Defendants may defer the assembly, review and production of non-public financial information sought under Plaintiffs' RFP Nos. 37-60 until such time as the Court enters a finding of liability in response to a dispositive motion filed by Plaintiffs;

2. As part of the Parties' negotiated compromise, Defendants agreed to assemble, Bates-number and produce all publicly-available financial information reflected in 10-Qs and 10-Ks submitted by Defendants to the United States Securities and Exchange Commission. Defendants produced this information to Plaintiffs on March 14, 2016;

3. In the event the Court grants a dispositive motion brought by Plaintiffs and enters a finding of liability against any or all Defendants under either the federal Clean Air Act or Rule 209, Defendants agree to disclose the information sought under Plaintiffs' RFP Nos. 37-60 which has not been previously produced within thirty (30) days from the date of the Court's Order;

4. In order to prevent a delay in the Court's ruling on Plaintiffs' dispositive motion regarding Defendants' liability under either the federal Clean Air Act or Rule 209 from prejudicing Plaintiffs, if the Court has not entered an Order on Plaintiffs' dispositive motion by November 30, 2016, Defendants agree to produce documents responsive to Plaintiffs' RFP Nos. 37-60 by that date;

5. In the event the Court enters a finding of liability against any or all Defendants under either the federal Clean Air Act or Rule 209, the Parties stipulate that, notwithstanding any deadlines

1  for the completion of expert discovery agreed to between the Parties or established in the Court's
2  Pretrial Scheduling Order, Plaintiffs will have a period of thirty (30) days from the date of Defendants'
3  production of any non-public information in response to Plaintiffs' RFP Nos. 37-60 to designate an
4  expert and produce an expert report with respect to that information and any penalties that may be
5  imposed based on the Court's finding of liability.  The parties also stipulate that Defendants may take
6  the deposition of Plaintiffs' financial expert within fourteen (14) days from the date of the production
7  of that expert's report.

9  So Stipulated this 12th day of May, 2016:
10 HOLLAND & HART LLP

11 *s/ Steven G. Jones*
   MATTHEW HIPPLER
12 STEVEN G. JONES (*Admitted Pro Hac Vice*)
13 EMILY C. SCHILLING (*Admitted Pro Hac Vice*)

14 Attorneys for Defendants

16 LOZEAU | DRURY LLP

17 *s/ Douglas Chermak*
   RICHARD DRURY
18 DOUGLAS CHERMAK

19 Attorneys for Plaintiffs

21 **ORDER**
22      Based on the parties' Stipulation as outlined above, the Court enters the following Order:
23      1.   The Court finds that good cause exists to allow the deferral of Defendants' production of
24 non-public financial information sought by Plaintiffs' RFP Nos. 37-60, namely, the fact that such
25 production will only become necessary in the event the Court enters a finding of liability against any
26 or all Defendants under either the federal Clean Air Act or Great Basin Unified Air Pollution Control
27 District Rule 209 ("Rule 209").

     2.     Based on this finding, in the event the Court grants a dispositive motion brought by Plaintiffs and enters a finding of liability against any or all Defendants under either the federal Clean Air Act or Rule 209, Defendants are to disclose the information sought under Plaintiffs' RFP Nos. 37-60 which has not been previously produced within thirty (30) days from the date of the Court's finding of liability;

     3.     In order to avoid prejudice to Plaintiffs, in the event the Court has not ruled on Plaintiffs' dispositive motion regarding Defendants' liability under either the federal Clean Air Act or Rule 209 by November 30, 2016, Defendants shall be produce documents responsive to Plaintiffs' RFP Nos. 37-60 by that date;

     4.     In the event that the Court enters a finding of liability against any or all Defendants under either the federal Clean Air Act or Rule 209, notwithstanding any deadlines for the completion of expert discovery established in the Pretrial Scheduling Order, Plaintiffs will have a period of thirty (30) days from the date of Defendants' production of any information in response to Plaintiffs' RFP Nos. 37-60 to designate an expert and produce an expert report with respect to that information and any penalties that may be imposed based on the Court's finding of liability.  Defendants may take the deposition of Plaintiffs' financial expert within fourteen (14) days from the date of the production of that expert's report.

     IT IS SO ORDERED.

Dated:  May 13, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE