MATTHEW B. HIPPLER (Cal. Bar No. 212036)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, NV 89511
Tel: (775) 327-3000
Fax: (775) 786-6179
mbhippler@hollandhart.com

STEVEN G. JONES (*Admitted Pro Hac Vice*)
EMILY C. SCHILLING (*Admitted Pro Hac Vice*)
HOLLAND & HART LLP
222 So. Main Street, Suite 2200
Salt Lake City, UT 84101
Tel: (801) 799-5800
Fax: (801) 799-5700
sgjones@hollandhart.com
ecschilling@hollandhart.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMUNITY MONITOR, a California nonprofit corporation; LABORERS' INTERNATIONAL UNION OF NORTH AMERICA LOCAL UNION NO. 783, an organized labor union; RANDAL SIPES, JR., an individual; RUSSEL COVINGTON, an individual;<br><br>   Plaintiffs,<br><br>v.<br><br>MAMMOTH PACIFIC, L.P., a California Limited Partnership; ORMAT NEVADA, INC., a Delaware Corporation; ORMAT TECHNOLOGIES, INC. a Delaware Corporation; and DOES I-X, inclusive,<br><br>   Defendants. | Case No. 2:14-cv-01612-MCE-KJN<br><br>**STIPULATION AND ORDER SETTING BRIEFING SCHEDULE FOR PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT AND FOR DISPOSITIVE MOTIONS**<br><br>Honorable Morrison C. England, Jr. |

**RECITALS**

1. On March 22, 2016, Plaintiffs transmitted a letter providing Notice of Intent to Sue Under the Clean Air Act to Defendants Mammoth Pacific, L.P., Ormat Nevada, Inc. and Ormat Technologies, Inc. (collectively "Ormat"). In their letter, Plaintiffs provided Ormat with notice of their intent to amend their existing Complaint and outlined the bases under which Plaintiffs maintained such an amendment would be appropriate.

2. On May 12, 2016, Plaintiffs provided Ormat with a copy of their proposed First Amended Complaint ("FAC") for review and requested that Ormat stipulate to Plaintiffs filing of the FAC.

3. On May 20, 2016, Ormat responded to both Plaintiffs' March 22, 2016 Notice of Intent to Sue and Plaintiffs' proposed FAC with a letter and other documents. In its letter, Ormat declined to stipulate to Plaintiffs filing of their proposed FAC.

4. The Court's Pretrial Scheduling Order (Dkt. No. 31) provides that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause being shown." Dkt No. 31 at 1:24-25. Based on Ormat's refusal to stipulate to Plaintiffs' filing of the FAC, Plaintiffs have elected to move the Court for leave to amend their complaint and to file the FAC.

5. The Court's Pretrial Scheduling Order established September 15, 2016 as the last day to hear dispositive motions. Dkt No. 31 at 4:2. In order to comply with the briefing deadlines set in the Pretrial Scheduling Order, the parties agreed to file their initial dispositive motions on July 8, 2016.

6. Local Rule 230(b) provides that civil motions are to be filed at least twenty-eight (28) days prior to the date such motions are noted for hearing. The parties agree that having a decision on Plaintiffs' Motion for Leave to Amend is necessary in order for them to determine the appropriate scope of any dispositive motions.

7. In order to allow sufficient time for Plaintiffs to file their Motion for Leave to Amend which complies with the scheduling requirements of Local Rule 230(b) and which also allows the parties time to take account of the Court's decision on that Motion, the parties have agreed to an amendment of the case schedule as outlined below.

**STIPULATION**

1. The parties stipulate to the following briefing schedule for Plaintiffs' Motion for Leave to Amend Their Complaint:

| | |
|---|---|
| June 14, 2016: | Plaintiffs' Motion for Leave to Amend filed; |
| June 28, 2016: | Ormat's opposition to Plaintiffs' Motion for Leave to Amend due; |
| July 7, 2016: | Plaintiffs' reply on their Motion for Leave to Amend due: |
| July 14, 2016: | Hearing on Plaintiffs' Motion for Leave to Amend. |

2. In order to allow time for the Court to decide Plaintiffs' Motion for Leave to Amend and provide the parties sufficient time to account for the Court's decision in their dispositive motions, the parties stipulate to an extension of the dispositive motion cutoff and to a briefing schedule for dispositive motions as follows:

| | |
|---|---|
| August 11, 2016: | Initial dispositive motions filed; |
| September 1, 2016: | Opposition briefs and any cross-motions due; |
| September 15, 2016: | Reply briefs and opposition to cross-motions due; |
| September 29, 2016: | Reply briefs on cross-motions (if any) due; |
| October 6, 2016: | Hearing on dispositive motions and cross-motions (if any). |

3. The parties also stipulate that, in the event the Court has not issued a decision on Plaintiffs' Motion for Leave to Amend by August 5, 2016, the schedule for dispositive motions shall be extended by the number of days between August 5, 2016, and the date of the Court's decision on Plaintiffs' Motion for Leave to Amend, with dispositive motions being noted for the next available hearing date on the Court's calendar eight (8) weeks following the date of the Court's decision on Plaintiffs' Motion for Leave to Amend.

4. The parties agree that the extension of the dispositive motion cutoff and any further extension of the dispositive motion cutoff required by the timing of the Court's decision on Plaintiffs' Motion for Leave to Amend will not result in a modification to any of the other deadlines established in the Court's Pretrial Scheduling Order.

5.  If the Court grants Plaintiffs leave to amend their complaint, the parties agree to allow designated experts to submit addendums to their expert reports and rebuttals to those addendums and to allow for further deposition testimony in relation to the new claims as may be necessary.

So Stipulated this 13th day of June, 2016:

HOLLAND & HART LLP

*s/ Steven G. Jones*
MATTHEW HIPPLER
STEVEN G. JONES (*Admitted Pro Hac Vice*)
EMILY C. SCHILLING (*Admitted Pro Hac Vice*)

Attorneys for Defendants


LOZEAU | DRURY

*s/ Douglas Chermak*
RICHARD DRURY
DOUGLAS CHERMAK

Attorneys for Plaintiffs


**ORDER**

Based on the parties' Stipulation as outlined above, the Court enters the following Order:

1.  The Court sets the following briefing schedule for Plaintiffs' Motion for Leave to Amend Their Complaint:

| | |
|---|---|
| June 14, 2016: | Plaintiffs' Motion for Leave to Amend filed; |
| June 28, 2016: | Ormat's opposition to Plaintiffs' Motion for Leave to Amend due; |
| July 7, 2016: | Plaintiffs' reply on their Motion for Leave to Amend due: |
| July 14, 2016: | Hearing on Plaintiffs' Motion for Leave to Amend. |

STIPULATION AND ORDER SETTING BRIEFING
SCHEDULE FOR MOTION FOR LEAVE TO AMEND
AND DISPOSITIVE MOTIONS - 4

2. The Court extends the dispositive motion cutoff from September 15, 2016 to October 6, 2016, and establishes the briefing schedule for dispositive motions as follows:

| | |
|---|---|
| August 11, 2016: | Initial dispositive motions filed; |
| September 1, 2016: | Opposition briefs and any cross-motions due; |
| September 15, 2016: | Reply briefs and opposition to cross-motions due; |
| September 29, 2016: | Reply briefs on cross-motions (if any) due; |
| October 6, 2016: | Hearing on dispositive motions and cross-motions (if any). |

3. In the event the Court has not issued a decision on Plaintiffs' Motion for Leave to Amend by August 5, 2016, the schedule for dispositive motions shall be extended by the number of days between August 5, 2016 and the date of the Court's decision on Plaintiffs' Motion for Leave to Amend, with dispositive motions being noted for the next available hearing date on the Court's calendar eight (8) weeks following the date of the Court's decision on the Motion for Leave to Amend.

4. Apart from the schedule for Plaintiffs' Motion for Leave to Amend and the extension of the dispositive motion cutoff outlined in this Order and any extension of the dispositive motion cutoff required by the timing of the Court's decision on Plaintiffs' Motion for Leave to Amend, all other deadlines established in the Court's Pretrial Scheduling Order remain in effect.

IT IS SO ORDERED.

Dated: June 17, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE