UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL COMMUNITY MONITOR, a California nonprofit corporation, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH PACIFIC L.P., a California limited partnership, et al.,<br><br>Defendants. | No. 2:14-cv-01612-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Global Community Monitor, Laborers' International Union of North America Local Union No. 783, Randal Sipes, Jr, and Russel Covington (collectively "Plaintiffs") filed this citizen suit against Defendants Mammoth Pacific, L.P., Ormat Nevada, Inc., Ormat Technologies, Inc., and Does I-X (collectively "Defendants") for operating their geothermal power plant in violation of the federal Clean Air Act.[1] 42 U.S.C. § 7401 et seq.  This Court has federal question jurisdiction over the dispute. 28 USC § 1331.

Currently pending is Plaintiffs' Motion for Leave to File an Amended Complaint. ECF No. 60.  Because this case's pretrial scheduling order was issued on August 11, 2015, Plaintiffs must demonstrate "good cause" under Federal Rule of Civil Procedure

---

[1] Global Community Monitor's claim was voluntarily dismissed with prejudice. ECF No. 66.

1

1  16(b)(4). See ECF No. 31 ("No joinder of parties or amendments to pleadings is
2  permitted without leave of court, good cause having been shown."). Having failed to do
3  so, Plaintiffs' Motion is DENIED.

**BACKGROUND**

Defendants' geothermal power plant is located in Mono County and is regulated by the Great Basin Unified Air Pollution Control District ("Air District"). The plant contains three individual sources that collectively make up the Ormat Complex: MP-I (West and East), MP-II, and PLES-I. The Ormat Complex must comply with Air District Rule 209-A and Rule 209-B.

Rule 209-A prohibits the issuance of an authority to construct ("ATC") permit for any new or modified stationary source that emits 250 lbs./day of volatile organic compounds ("VOC"), unless the facility obtains offset requirements or installs the best available control technology ("BACT"). Rule 209-B prohibits the issuance of a permit to operate ("PTO") for any new stationary source or modified stationary source to which Rule 209-A applies, unless the owner or operator has obtained an ATC permit pursuant to Rule 209-A.

Plaintiffs filed their Complaint on July 8, 2014, alleging eight separate claims against Defendants. The first seven were dismissed and Plaintiffs' deadline to amend the Complaint was May 31, 2015. ECF No. 27. No amendment was filed prior to the deadline and discovery proceeded only on Plaintiff's eighth and final claim.

Plaintiffs' current claim alleges the Ormat Complex is violating Air District Rule 209-A. At the time they filed the Complaint, Plaintiffs believed the BACT and offset requirements from Rule 209-A only applied if a source emitted <u>over</u> 250 pounds per day of VOCs (emphasis added). Plaintiffs' theory therefore attempted to "combine" the sources to trigger the requirements. See ECF No. 1 (second, third, fourth and fifth causes of action); see also ECF No. 67. The claims were dismissed however, because

Plaintiffs failed to sufficiently allege how "the 'combining' of the facilities was a modification under Rule 209." ECF No. 27.

On August 11, 2015, the Court issued a pretrial scheduling order ("PTSO"). ECF No. 31.  The PTSO stated that discovery would close on March 7, 2016, except for expert discovery.  The deadline to file summary judgment motions was set for July 21, 2016.  All other motions had a September 15, 2016 hearing deadline, but the parties stipulated to an October 6, 2016 extension. ECF No. 63.  The final pretrial conference is on January 5, 2017 and a six-day bench trial is scheduled for March 6, 2017.

However, Plaintiffs now claim that MP-I, MP-II, and PLES-I individually violate both Rule 209-A and Rule 209-B.  On March 22, 2016, they "realized that the text of Rule 209-A requires only that the source reach the 250 lbs./day emissions level." ECF No. 60.  Under Plaintiffs' new theory and Proposed First Amended Complaint ("Proposed FAC"), they allege it is no longer necessary to "combine" Defendant's sources to trigger Rule 209-A and Rule 209-B. See ECF No. 60 (alleging each source individually meets the threshold in the first and second causes of actions).

**STANDARD**

Generally, a motion to amend is subject to Rule 15(a) of the Federal Rules of Civil Procedure,[2] which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

///

---

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification," a court may make its determination by noting the prejudice to other parties. Id.

If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. Id. at 608. Leave to amend should be granted unless amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, (4) or is futile. Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile." Baisa v. Indymac Fed. Reserve, No. 2:09-CV-01464-WBS-JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 7, 2010).

**ANALYSIS**

Plaintiffs fail to demonstrate "good cause" as required by Rule 16(b)(4). They argue that documents produced in discovery were necessary to "fully ascertain" the relationship between the Air District's rules and the permits issued to Defendants. Further, Plaintiffs argue that Defendants will not face undue prejudice because the new claims do not change the defense's strategy and there is no need to reopen discovery. For their part, Defendants contend that Plaintiffs cannot show the requisite level of diligence to support a finding of good cause because Plaintiffs had the Air District's rules and permits at the time the Complaint was filed. Defendants' argument is more persuasive .

///

### A. Plaintiffs Failed to Demonstrate "Good Cause"

Plaintiffs were not diligent in alleging their new theories contained in the Proposed FAC. Under Rule 16, the core inquiry asks whether the moving party acted diligently prior to filing the amendment. See Johnson, 975 F.2d at 609. There is a presumption against finding good cause "when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Coleman, 232 F.3d at 1295 (citing Acri v. International Ass'n of Machinists and Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986)). If the moving party does not "offer any explanation for their failure to amend their complaints earlier[,]" the motion may be dismissed. Id.

Here, when Plaintiffs filed their Complaint, they knew the necessary facts to allege the theory in the Proposed FAC. See Coleman, 232 F.3d at 1295. Nearly two years ago, Plaintiffs had (1) the text of Rule 209-A and Rule 209-B and (2) the ATC permits and PTOs that were issued to Defendant by the Air District. See id.

#### 1. The Text of Rule 209-A

Plaintiffs lack of diligence is demonstrated by the sudden "realiz[ation] that the text of Rule 209-A requires only that the source reach the 250 lbs./day emissions level" almost two years after filing their Complaint. ECF No. 60; see Johnson, 975 F.2d at 609. The Complaint, filed two years ago, cites to the rules numerous times throughout. See e.g., ¶¶ 4, 5. Plaintiffs even requested judicial notice on actual copies of Rule 209-A and Rule 209-B, including an EPA internet URL containing the rules. ECF No. 23.

Moreover, the Complaint states that Rule 209-A's requirements apply "where construction and operation of the sources will result in a net increase in emissions of 250 or more lbs./day of [certain pollutants.]" ¶ 51; see Acri, 781 F.2d at 1398 (emphasis added). Beyond just a conclusory "realiz[ation,]" Plaintiffs do not "offer any explanation" as to why their new theory could not have been alleged in the Complaint. See Coleman, 232 F.3d at 1295.

///

///

### 2. The Permits

Plaintiffs' recent discovery regarding the potential emissions rate[3] of Defendants' individual sources also demonstrates a lack of diligence. ECF No. 61 (realizing that each source "reached Rule 209-A's 250 lbs./day threshold"); ECF No. 67 (stating "newly-produced documents" allowed Plaintiffs to "fully ascertain" this fact) (emphasis added).

This Court took judicial notice of several permits that were submitted by Defendants only a month after the Complaint was filed. ECF No. 15. For example, the ATC permit for "One 12MWE Geothermal Binary Power Plant Unit MP II," states "[t]he Power Plant [emissions] may not exceed 250 lbs./day." ECF No. 15-10 (Permit Number 329) (emphasis added). And the ATC permit for "Geothermal Binary Power Plant – PLES I," states "the PLES I power plant shall be limited to 250 pounds per day[.]" ECF No. 15-17 (Permit Number 575) (emphasis added). There were also several PTOs that were included. See ECF No. 15-1 (stating emissions "may not exceed 250 lbs./day" for MP-I East); Compl. ¶ 62 (citing this same permit); ECF No. 15-1 (stating emissions "may not exceed 250 lbs./day" for MP-I West); Compl. ¶ 62 (citing this same permit). Plaintiffs cannot offer any reasonable explanation for their failure to "fully ascertain" the impact of the PTOs and ATC permits before filing the Complaint. See Coleman, 232 F.3d at 1295.

Additionally, when Plaintiffs alleged that "500 lbs./day" was "double the Rule 209-A threshold[,]" ECF No. 1 at ¶ 8, Plaintiffs knew, or should have known, that MP-I, MP-II, and PLES-I each "reached Rule 209-A's 250 lbs./day threshold." ECF No. 61 (Wilensky Decl). See Johnson, 975 F.2d at 609. Their failure in diligently reading the rules and the permits is insufficient to show "good cause." See Johnson, 975 F.2d at 607-08.

///

///

///

---

[3] The potential emissions rate, or the approved emissions limitation, is used to determine whether Rule 209-A applies. See Rule 209-A, § C.1.

6

**B. Defendants Will Face Undue Prejudice if the Motion is Granted**

Defendants will be prejudiced by the Proposed FAC because it requires a new defense and discovery would need to be reopened. Although not a required element under Rule 16, undue prejudice to the nonmoving party can provide additional support in a finding against "good cause." Coleman, 232 F.3d at 1295 (citing Johnson, 975 F.2d at 609). Any new alleged claims may not "greatly alter[] the nature of the litigation" with "an entirely new course of defense." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Generally, the closer an amendment is filed to the date of the trial, the greater the chance the nonmoving party will face preparation prejudice. See id. (describing undue prejudice of "a late hour" amendment). A possible "need to reopen discovery" may be prejudicial. Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (citing Solomon v. North Am. Life & Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998).

Here, Defendants will need a "new course of defense" from the one that they have prepared up until this point in litigation. See Morongo Band, 893 F.2d at 1079; see also Coleman, 232 F.3d at 1295. The new claims will materially change the dispute because the Proposed FAC: (1) focuses on each individual source regardless of the relationships to one another; (2) includes multiple Rule 209-B violations instead of only a single Rule 209-A violation; and (3) alleges seven times the amount of damages that Defendants currently face. See Morongo Band, 893 F.2d at 1079. Accordingly, there would be a "need to reopen discovery." Lockheed Martin, 194 F.3d at 986.

First, Defendants argue the Proposed FAC will require the parties to focus on a different time period. See ECF No. 64 (stating the new claims date "back to the 1980s"). Under the existing claim, the question is whether Defendants, over time, "slowly add[ed] plants" to circumvent the requirements of Rule 209-A. See ECF No. 27. In contrast, the new claims allege that MP-I, MP-II, and PLES-I violated Rule 209-A and Rule 209-B since the very first permits were issued. Defendants' discovery strategy on the current claim was focused on entirely different permits than the permits that the new claims find

their basis in.  See Lockheed Martin, 194 F.3d at 986.  Accordingly, Defendants would be inadequately prepared to defend against the six additional claims at such "a late hour[.]"  See Morongo Band, 893 F.2d at 1079.

Second, the addition of Rule 209-B violations in the Proposed FAC will require Defendants to analyze a different set of conditions and exceptions.  See id.; compare e.g., Rule 209-B (stating a source must be "consistent with the conditions imposed … under Rule 210"), with Rule 209-A (containing no mention of Rule 210).  Preparation for the Rule 209-B violations therefore requires different factual support than a single Rule 209-A cause of action does.  See Lockheed Martin, 194 F.3d at 986.

Finally, the difference in potential damages creates a need to reopen discovery.  See ECF No. 60 (seeking $670,000,000 in total remedies); McClellan v. Kern Cty. Sheriff's Office, 2015 WL 4368454 at *2 (E.D. Cal. Aug. 13, 2015).  It would be extremely unfair to Defendants if they had to rely on an obsolete discovery strategy, which they argue is insufficient, for new claims seeking an additional $570,000,000 in damages.  See id.

Plaintiffs failed to meet Rule 16(b)(4)'s standard.  "[C]arelessness" in reading the rules and permits is inconsistent with being diligent.  See Johnson, 975 F.2d at 609.  The Proposed FAC would also prejudice Defendants.  See Coleman, 232 F.3d at 1295.  For these reasons, Plaintiffs' Motion for Leave to File an Amended Complaint is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File an Amended Complaint (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated:  August 10, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

8