1  MATTHEW B. HIPPLER (Cal. Bar No. 212036)
   HOLLAND & HART LLP
2  5441 Kietzke Lane, Second Floor
   Reno, NV 89511
3  Tel:  (775) 327-3000
   Fax: (775) 786-6179
4  mbhippler@hollandhart.com

5  STEVEN G. JONES (*Admitted Pro Hac Vice*)
   EMILY C. SCHILLING (*Admitted Pro Hac Vice*)
6  HOLLAND & HART LLP
   222 So. Main Street, Suite 2200
7  Salt Lake City, UT 84101
   Tel:  (801) 799-5800
8  Fax: (801) 799-5700
   sgjones@hollandhart.com
9  ecschilling@hollandhart.com

10 Attorneys for Defendants

11

12              **UNITED STATES DISTRICT COURT**

13         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14 GLOBAL COMMUNITY MONITOR, a          **Case No.  2:14-cv-01612-MCE-KJN**
   California nonprofit corporation;
15 LABORERS' INTERNATIONAL UNION         **JOINT STIPULATION AND ORDER**
   OF NORTH AMERICA LOCAL UNION          **FOR DEFENDANT'S MOTION FOR**
16 NO. 783, an organized labor union;    **SUMMARY JUDGMENT TO EXCEED**
   RANDAL SIPES, JR., an individual;     **PAGE LIMIT**
17 RUSSEL COVINGTON, an individual;

18      Plaintiffs,

19 v.                                     **Hon. Morrison C. England, Jr.**

20 MAMMOTH PACIFIC, L.P., a California
   Limited Partnership; ORMAT NEVADA,
21 INC., a Delaware Corporation; ORMAT
   TECHNOLOGIES, INC. a Delaware
22 Corporation; and DOES I-X, inclusive,

23      Defendants.

24

25

26

27

STIPULATION AND ORDER
FOR DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT TO EXCEED PAGE LIMIT - 1

1

2   All parties hereby stipulate and request that the Court permit Defendants Mammoth Pacific,

3   L.P., Ormat Nevada, Inc., and Ormat Technologies, Inc. (collectively "Ormat") to exceed the page

    limitation set by the Court in its Pretrial Scheduling Order (Dkt No. 31) with respect to Ormat's

4   upcoming dispositive motion.

5   Good cause exists for Omat's request under previous orders of the Court.  Under the Court's

6   Pretrial Order, "all issues the parties wish to resolve on summary judgment must be raised together

7   in one (1) motion . . . ."[1]  Based on the number of issues that Ormat expects to present in its

8   dispositive motion, Ormat anticipates that it will require more than the 20 pages allowed by the

9   Court's Pretrial Scheduling Order to present those issues.[2]

10

11  In addition, permitting Ormat to exceed the page limitation will enable Ormat to comply with

12  the Court's October 14, 2015 Memorandum and Order (Dkt No. 50).  On August 20, 2015, Ormat

13  filed Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment Based on

14  Plaintiffs' Failure to Exhaust Administrative Remedies (Dkt No. 34) (the "Motion to Dismiss"),

15  which sought dismissal of Plaintiff's remaining cause of action.  While the Court denied the Motion

16  to Dismiss, it also directed Ormat to submit briefing on three specific issues should it elect to renew

17  the exhaustion argument in a subsequent motion for summary judgment.[3]  In the event Ormat elects

18  to renew its administrative exhaustion argument as a dispositive motion, this would impose on any

19  motion for summary judgment additional content requirements that are unaccounted for in the

20  requirements of the Pretrial Scheduling Order.

21

22

23  _____

    [1] Pretrial Scheduling Order at 4:13–14.

24  [2] In its Pretrial Scheduling Order, the Court placed a 20 page limit "on all initial moving papers."  *Id.* at 5:3–5.

25  [3] *See* Memorandum and Order 7:11–17 (directing Ormat to brief the Court on "(1) the specific legal and factual
    questions the Court must decide in order to impose an exhaustion requirement; (2) whether the Court should exercise its
26  discretion and impose an exhaustion requirement; and (3) if it does exercise such discretion, whether the case should be
    dismissed or allowed to proceed") (emphasis in original). The Court additionally required Ormat to address in any
27  subsequent motion for summary judgment the lack of 9th Circuit precedent for exercising judicial "discretion to impose
    an administrative exhaustion requirement prior to filing a citizen suit under section 304 of the Clean Air Act." *Id.* at
    7:16–19.

STIPULATION AND ORDER
FOR DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT TO EXCEED PAGE LIMIT - 2

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

HOLLAND & HART LLP
222 SO. MAIN STREET, SUITE 2200
SALT LAKE CITY, UTAH 84101

Accordingly, the parties stipulate and request for Ormat to file a Motion for Summary Judgment of 30 pages.

**IT IS SO STIPULATED.**

Dated this 7th day of June, 2016.

Respectfully submitted,
HOLLAND & HART LLP

*s/ Steven G. Jones*
MATTHEW HIPPLER
STEVEN G. JONES (*Admitted Pro Hac Vice*)
EMILY C. SCHILLING (*Admitted Pro Hac Vice*)

Attorneys for Defendants


LOZEAU DRURY LLP

*s/ Douglas J. Chermak*
DOUGLAS J. CHERMAK
RICHARD L. DRURY

Attorneys for Plaintiffs

## ORDER

Pursuant to the foregoing stipulation and good cause appearing, Defendants may file a motion for summary judgment not to exceed thirty (30) pages in length.

IT IS SO ORDERED.

Dated: August 16, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER
FOR DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT TO EXCEED PAGE LIMIT - 3